UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIKKI B.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C20-5454-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. In a prior order, the Court affirmed the ALJ's evaluation of the plaintiff's testimony and medical evidence, and remanded on the questions of (1) whether there is reliable evidence supporting a conclusion plaintiff could perform past relevant work and (2) whether there are a significant number of other jobs in the national economy plaintiff could perform. Tr. 3270–96. A new ALJ reconsidered the evidence and all aspects of the sequential evaluation, discounted plaintiff's testimony and the medical evidence for substantially the same reasons as did the prior ALJ, and concluded (1) plaintiff had no past relevant work and (2) there are significant number of jobs in the national economy that plaintiff can perform. Tr. 3157–74. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 42 years old, has a GED, and has worked as an administrative assistant, customer service representative, materials handler, and order entry technician. Tr. 206, 245. In 2011, she applied for benefits and eventually amended her alleged onset date of disability to August 19, 2011. Tr. 31. The district court has remanded her case twice.

In 2016, the Court concluded that the ALJ committed harmful error by failing to discuss the examining opinion of Dr. Raymond West, M.D., with respect to limiting plaintiff to working "in a comfortable chair." Tr. 1483. In all other respects, the Court affirmed the ALJ's evaluation of plaintiff's testimony and the medical evidence. Tr. 1486–94. The Court remanded so that the ALJ could reexamine residual functional capacity, the reviewing opinions of Dr. Norman Staley, M.D., and Dr. Drew Stevick, M.D., and plaintiff's testimony only as necessitated by further consideration of Dr. West's opinion. Tr. 1487, 1494.

In 2019, the Court found that the ALJ had provided specific and legitimate reasons for discounting Dr. West's opinion on sitting limitations, and affirmed the ALJ's evaluation of the opinions of Drs. Staley and Stevick, plaintiff's testimony, and the medical evidence. Tr. 3273–92. The Court concluded, however, that the ALJ committed harmful error: (1) at step four by failing to ask the vocational expert ("VE") to offer testimony regarding plaintiff's past work in relation to an RFC-consistent hypothetical and failing to identify support for the conclusion that plaintiff could perform her past work as either actually or generally performed; and (2) at step five by failing to address the VE's qualification in testimony regarding the impact of a walking restriction on certain jobs and whether that qualification resulted in a smaller number of jobs fitting the hypothetical. Tr. 3292–95. The Court remanded so the ALJ could address (1) whether there is reliable evidence supporting a conclusion plaintiff could perform past relevant work; and

(2) whether there are a significant number of jobs in the national economy plaintiff could perform. Tr. 3295.

Because the case had been remanded twice, the Appeals Council directed that the case be assigned to a different ALJ. Tr. 3186. The new ALJ held a hearing in September 2019 and called a VE to provide updated vocational testimony as directed by the remand order. Tr. 3188–3228. In a January 2020 decision, the ALJ conducted the sequential analysis anew and determined that plaintiff has the severe impairments of Crohn's Disease, status post surgeries; and obesity. The ALJ assessed an RFC of sedentary work with additional limitations. Tr. 3165. At step four, the ALJ found that plaintiff has no past relevant work because she had not performed substantial gainful activity long enough to meet the specific vocational preparation requirement. Tr. 3172. At step five, the ALJ determined that based on RFC, all relevant factors, and VE testimony plaintiff could perform the requirements of several jobs that exist in significant numbers in the national economy. Tr. 3172–73. The ALJ therefore found plaintiff to be not disabled. Tr. 3173–74. The ALJ's decision is the Commissioner's final decision.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Although the scope of the remand of this Court's 2019 order directed the ALJ to revisit only steps four and five of the sequential analysis, it is not this portion of the ALJ's 2020

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 3

decision that plaintiff challenges. Plaintiff instead argues that the ALJ assessed an incorrect RFC and harmfully erred at step five by discounting the plaintiff's testimony and medical evidence for substantially the same reasons affirmed by this Court in its 2016 and 2019 decisions. Dkt. 28, at 2. The Court finds that plaintiff has failed to demonstrate that the ALJ's decision was unsupported by substantial evidence or applied the wrong legal standard.

### 1. Plaintiff's Testimony

Plaintiff argues that the ALJ erred by failing to adopt her symptom testimony *in toto*. Dkt. 28, at 9–17. The Court disagrees.

This Court previously found the ALJ's adverse credibility determination to be supported by substantial evidence and free from harmful error. Tr. 3274–82. The Commissioner argues that plaintiff should therefore be barred from rearguing this question under the law of the case doctrine. Dkt. 29, at 3; *see Stacy v. Colvin*, 82 F.3d 563, 567 (9th Cir. 2016). The Court declines to apply the law of the case doctrine here given its inconsistency with the Commissioner's institutional position, represented in the 2020 ALJ decision, to accept additional medical evidence and testimony, hold a new hearing, and reassess RFC and all sequential steps. Nonetheless, the Court's prior decisions are detailed and persuasive. As the ALJ accurately observed, plaintiff's symptom allegations are not substantially different from the allegations made earlier and none of the "new" evidence presented since the last remand referred to a different time period or indicated more severe impairments. Tr. 3168. Moreover, plaintiff argues that her symptom testimony should be adopted based entirely on consistency with medical evidence already evaluated and discounted in prior orders. *See* Dkt. 28, at 9–12 (referring specifically to limitations supported by the opinions of Drs. West, Liu, Peterson, and Gaffield and broadly to "all" medical evidence).

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 4

The ALJ discounted plaintiff's symptom testimony because (1) plaintiff engaged in activities that demonstrated she functioned better than alleged; (2) the medical records showed her symptoms and limitations were not as severe as alleged; and (3) plaintiff's non-compliance with treatment undermined her symptom testimony. Tr. 3165–68. The Court has twice detailed why these reasons are clear and convincing. Tr. 1488–92; 3274–82; *see Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014). Plaintiff's 2019 hearing testimony does not undermine that reasoning. *See* Tr. 3195–3219. The Court adopts the reasoning and citations from the Court's 2016 and 2019 decisions and applies them with equal force to affirm the ALJ's 2020 decision to discount plaintiff's testimony.

Plaintiff has failed to demonstrate that the ALJ's decision to discount her symptom testimony was unsupported by substantial evidence or was a misapplication of the law.

**2.  Medical Evidence**

Plaintiff argues that the ALJ improperly discounted the opinions of examining physicians Dr. Raymond West, examining physician Dr. Beth Liu, and examining physician Dr. Gary Gaffield; should have given more weight to the opinion of examining psychologist Dr. Keith Peterson as supportive of plaintiff's symptom testimony; and gave contradictory and confusing weight to the opinions of reviewing physicians Dr. Norman Staley and Dr. Drew Stevick. Dkt. 28, at 3–9. The Court finds that plaintiff has failed to demonstrate harmful error in the ALJ's reconciliation of the medical evidence.

The ALJ discounted Dr. West's 2013 opinion, Dr. Liu's 2015 opinion, and Dr. Gaffield's 2016 opinion because they were inconsistent with examination findings, inconsistent with the medical record and the record as a whole, and based on plaintiff's unreliable complaints. Tr. 3169–71; *see* Tr. 1326–31 (Dr. West), 1774–78 (Dr. Liu), 1799–1810 (Dr. Gaffield). The

ALJ gave significant weight to psychologist Dr. Peterson's 2015 opinion that psychological symptoms did not prevent plaintiff from gainful activity; the evaluation detected no cognitive issues detected that would be an obstacle to work; he could see how plaintiff's physical symptoms, combined with her anxiety over those symptoms, would have a significant impact on her ability to relate to coworkers or customers; otherwise, plaintiff could learn new material, follow directions, and complete tasks of simple and moderate complexity; and observed no stamina issues. Tr. 1363; *see* 1780–86 (Dr. Peterson). The ALJ gave significant weight to the reviewing 2012 opinions of Drs. Staley and Stevick that plaintiff is capable of a range of sedentary work with postural and environmental limitations to the extent those opinions were consistent relatively normal physical findings on examination and no recent gastrointestinal and genitourinary symptoms. Tr. 3171–72; *see* Tr. 77–96 (Dr. Staley), 99–124 (Dr. Stevick). The ALJ gave little weight to the 2016 reviewing opinion of Dr. Stevick, even though it was consistent with the RFC, because it gave too much weight to Dr. Liu's discounted opinion and the balance of the record, and it did not have available plaintiff's testimony for review. Tr. 3172; *see* 1519–29.

The Court previously found that the ALJ had stated specific and legitimate reasons for discounting the opinions of Drs. West, Liu, and Gaffield; reasonably accounted for the opinion of Dr. Peterson; and reasonably relied upon the opinions of Drs. Staley and Stevick. Tr. 1382–92. The Court adopts the reasoning and citations from its 2019 opinion and applies it to affirm the ALJ's reasoning here. Although in 2020 the ALJ assessed an RFC of sedentary work with additional limitations rather than an RFC of light work with additional limitations as found in the 2017 ALJ decision, *compare* Tr. 3165 *with* Tr. 3243–44, the ALJ's reasons for reconciling the medical opinions of Drs. West, Liu, Gaffield, Peterson, Staley, and Stevick remain the same and

are specific and legitimate. Plaintiff has failed to demonstrate that the ALJ erred by finding the opinions of Drs. West, Liu, and Gaffield to be inconsistent with the examination findings, inconsistent with the record as a whole, and based on discounted symptom testimony; by declining to give weight to psychologist Dr. Peterson's comments about plaintiff's physical limitations as based on discounted subjective complaints; and by giving weight to the opinions of Drs. Staley and Stevick to the extent they were consistent with the assessed RFC. Tr. 3169–71.

Plaintiff has failed to demonstrate that the ALJ's evaluation of the medical evidence was unsupported by substantial evidence or constituted a misapplication of the law.

### 3. RFC and Step Five Analysis

Plaintiff does not challenge the ALJ's evaluation of the questions within the scope of the remand: (1) whether there is reliable evidence supporting a conclusion plaintiff could perform past relevant work; and (2) whether there are a significant number of jobs in the national economy plaintiff could perform. Rather, plaintiff argues that the ALJ's misevaluation of plaintiff's testimony and the medical record led to an erroneous RFC and, consequently, to an erroneous step five analysis. Dkt. 28, at 17–18. The Court has found that the ALJ supported his evaluation of plaintiff's testimony and the medical evidence with substantial evidence and has not harmfully erred as a matter of law. Plaintiff has therefore failed to demonstrate that the ALJ erred as a matter of fact or law with respect to assessing RFC or analyzing step five.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 28th day of May, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 8